SOLOMON v. BENNETT.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

ACTION FOR LIBEL—STATUTE OF LIMITATIONS—DISMISSAL OF ACTION.

Const. 1846, art. 6, § 24, provides that the legislature shall provide for the appointment of commissioners to revise rules of practice and pleading for the courts of record of the state. Code Civ. Proc. § 384, provides that an action for libel shall be barred unless brought within two years from the publication of the libel; and section 405 declares that if an action is commenced within the time limited therefor, and the action is terminated in any other manner than by a voluntary discontinuance or a dismissal or a final judgment on the merits, plaintiff may commence a new action. *Held*, that where an alleged libelous article was published in October, 1896, an action commenced therefor in April, 1899,

was barred, notwithstanding that an action filed in June, 1898. in the United States circuit court to recover damages for the same libel had been dismissed for want of jurisdiction, since under the constitution the legislature had power to prescribe rules only for the courts of the state, and hence the Code relates only to such courts.

Ingraham and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by Alexander Jacob Solomon against James Gordon Bennett. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

R. W. Chandler, for appellant.
William McArthur, for respondent.

McLAUGHLIN, J. The action was brought to recover damages for an alleged libel upon the plaintiff published in a newspaper belonging to the defendant. The alleged libelous article appeared in the newspaper on the 12th of October, 1896. This action was commenced on the 22d day of April, 1899. It was barred by the two-years statute of limitations (section 384, Code Civ. Proc.), unless that bar is removed by the fact that in June, 1898, the plaintiff brought an action in the United States circuit court to recover damages for the same libel, which action was dismissed on the ground that the court had no jurisdiction. It is provided in the Code of Civil Procedure of the state of New York (section 405) that if an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the same, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited, and within one year after such reversal or termination. The question arising on this appeal is whether the provisions of this section may be invoked by the plaintiff to preserve from the operation of the statute of limitations the cause of action set forth in the complaint herein. I am of the opinion that the section has no application to an action brought elsewhere than in a court of record of the state of New York. The statute of limitations of the state of New York is contained in the Code of Civil Procedure, which is a code of practice having no relation to any other tribunals than those of the state of New York. That Code is a substitute for the Code of Procedure which was enacted by the legislature of the state of New York as a code of practice pursuant to the twenty-fourth section of article 6 of the constitution of 1846, which provided that the legislature at its first session after the adoption of that constitution should provide for the appointment of commissioners to revise, reform, simplify, and abridge the rules of practice and pleadings, forms, and proceedings of the courts of record of this state, and to report thereon, subject to their adoption and modification by the legislature from time to time. It could not

have been within the contemplation of the framers of that constitutional provision to furnish rules of practice or procedure for the courts of the United States located within the territory of the state of New York, and "a state law prescribing rules of practice has no efficacy proprio vigore in the courts of the United States." Mayor v. Lord, 9 Wall. 413, 19 L. Ed. 704. If the courts of the United States see fit, either by the adoption of rules, or under acts of the congress assimilating federal practice to state practice, to adopt the latter, that does not change the inherent nature of the state legislation, or widen the interpretation and effect to be given to that legislation. Section 1 of the Code of Civil Procedure, naming the courts of record of the state, gives an exclusive enumeration of the tribunals in which the provisions of the Code are to be applied. The legislature had no power to prescribe by a code of practice or procedure rules for any other tribunals; for by the constitution of 1846, as we have seen, the power is expressly declared to relate only to the courts of record of this state, and, in the nature of things, it could relate to nothing but state courts.

For these reasons, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concur.

INGRAHAM, J. (dissenting). This was an action for libel, in which the plaintiff had a verdict, upon which judgment was entered, and from which the defendant appeals. The main question is whether the statute of limitations is a bar to the action. The complaint alleges that the defendant on the 12th day of October, 1896, published concerning the plaintiff the libel complained of. This action was commenced on the 22d day of April, 1899,—over two years after the publication of the libel. By section 384 of the Code an action to recover damages for libel must be commenced within two years after the cause of action accrued, and the action is barred unless the time is extended by the pendency of an action in the United States circuit court. The plaintiff brought an action in that court on the 27th day of June, 1898, to recover for the same libel. That action came on for trial on the 12th and 13th days of April, 1899, when the court dismissed the case for lack of evidence showing jurisdiction in the court. Subsequently, on the 21st day of April, 1899, judgment was entered dismissing the complaint; and, on the day after, this action was commenced. It was stated that from the time of the publication of the libel down to the time of the commencement of this action the defendant was absent from the United States, but from the time the article was published down to the commencement of this action there was a person designated by the defendant upon whom process could be served, under section 430 of the Code. The plaintiff relies upon section 405 of the Code to take this case out of the statute of limitations. That section provides:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the ac-

tion is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies, and the cause of action survives, his representatives may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

If the action in the circuit court of the United States is an action within section 405 of the Code, then the statute of limitations is not a bar to this action, as the action in the circuit court was not terminated by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits. By section 3333 of the Code the word "action," as used in the Code when applied to judicial proceedings, signifies "an ordinary prosecution in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offence." The United States circuit court comes within the provisions of this section. It holds its sessions in the city of New York, is presided over by judicial officers appointed by the United States, exercises its jurisdiction within the state of New York, and in actions of this character, when the parties are residents of different states, has concurrent jurisdiction within the supreme court of the state of New York. It had no jurisdiction in this action, and it so adjudged, and for that reason the complaint was dismissed; but while the action in that court was pending it certainly was an action pending in a court of justice. I do not think that section 1 of the Code, to which our attention has been called, limits section 405 to an action commenced in the courts therein referred to. That section provides, "The courts referred to in this act are enumerated in the next two sections." Section 2 enumerates the courts of record of this state, and section 3 the courts not of record. There is nothing in section 405 which limits the application of that section to an action commenced in one of the courts specified. That section does not specify a court at all, or provide that the action therein specified must be one pending in no other court than these enumerated in the Code; and in this very chapter there are references to courts which are other than courts of the state of New York. Subdivision 7 of section 382 provides that an action upon a judgment or decree rendered in a court not of record must be brought within six years. It would seem to be quite clear that this would apply to other courts not of record, and not enumerated in section 3 of the Code. The only case cited by the appellant to sustain this contention is that of Publishing Co. v. De Laughter, 95 Ga. 17, 21 S. E. 1000. That case construed a statute quite different from this section of the Code, and is not an authority. It seems to me, where there are two courts legally administering justice in the state of New York, having over a certain class of cases concurrent jurisdiction, that provisions of law which give a privilege to a party bringing an action in a court of justice would apply to an action in either of the courts which is located and exercises its jurisdiction within the state. Whether or not this section would apply to a court of another state, or a court only exercising jurisdiction outside of the

state of New York, is a question not necessary for us to determine. We think the courts below correctly refused to dismiss the action on the ground that it was barred by the statute of limitations.

The defendant excepted to the charge that the publication was libelous, and requested "that that be submitted to the jury." There was no ruling upon that request, and no exception which raises the question. The charge was correct, however, as the publication was clearly libelous per se. The defendant also claims that it was error for the court not to submit to the jury the true meaning of the publication complained of, but there does not seem to have been any request to submit the question to the jury. There were several exceptions to the admission of evidence, but none, I think, that would justify the reversal of the judgment. There was some testimony taken as to special damage caused by the libel, but after such testimony had been received, and at the end of the plaintiff's case, the defendant moved to strike out all the evidence which has been attempted to be given in the case in regard to special damage, upon the ground that it had not been shown that the same was not caused on account of the publication of this article. And upon that motion the court ordered stricken out all the evidence regarding special damages, with the exception of that related by the witness Hopper. The jury was not instructed that they could allow for any damages sustained in consequence of the evidence of so-called special damages which was stricken out; and, if the defendant desired to have the jury instructed not to consider it in determining their verdict, he should have made a request to that effect.

Nor do I think there was error in submitting the question of punitive damages to the jury. The court left it for the jury to say whether or not they found actual malice; and, if they found actual malice, then they were justified in finding punitive or exemplary damages. At the end of the case the counsel for the defendant requested the court to charge that, "in order to recover punitive or exemplary damages, it is necessary for the plaintiff to prove express malice, or malice in fact, as distinguished from malice implied." After some discussion between the counsel and the court, the court charged that request. Counsel for the defendant then asked the court to charge that "express malice consists in such publication from ill will or some wrongful motive, implying a willingness or intent to injure, in addition to the intention to do the unlawful act." The court charged that request, adding, "where the libel has been published wantonly, recklessly, and without due investigation before publication." We think this charge, taken as a whole, was a correct statement of the law, and was as favorable to the defendant as was justified. The defendant also requested the court to charge that as the defendant was absent from the country, and had no personal knowledge of the publication, no punitive damages can be awarded against him, in the absence of proof of express malice. The court declined to charge this request. In the conduct of a modern newspaper, a large part of the work in preparing it for the press must be left to agents; and where the proprietor of a large and important newspaper sees fit to absent

himself from the country, leaving the publication of the newspaper to his representatives, he cannot avoid the result of their acts by disclaiming personal malice because of his absence. The question was the intent with which the article was published by those responsible for its publication. If they were willfully, maliciously, and wantonly reckless, the law allows the jury to find punitive damages; and, in determining the question of the intent with which the article was published, they could consider the article, the surrounding circumstances, the nature of the charge, and the actions of those responsible for its publication. The intent of those responsible for the publication left by the proprietor in charge of his newspaper is to be determined by their acts, for which the proprietor is responsible.

There was no error committed, and the judgment and order should be affirmed, with costs.

HATCH, J., concurs.