(78 Misc. Rep. 126.)

### GAINES v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. COURTS (§ 188*)—JURISDICTION—NEW YORK CITY COURT.

   The City Court of the City of New York has no jurisdiction of an action against the city of New York.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. LIMITATION OF ACTIONS (§ 120*)—SUSPENSION OF RUNNING OF STATUTE—PENDENCY OF LEGAL PROCEEDINGS—JURISDICTION OF COURT.

   Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1906, c. 550, provides that no action shall be maintained against the city of New York after one year from the time the cause of action accrued. Code Civ. Proc. § 405, provides that if an action is commenced within the time limited, and a judgment is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment on the merits, a new action may be commenced after the time limit and within a year after such a reversal or termination. An action against New York City for damages to an automobile from the alleged negligence of the city's agents was commenced within the time limited, in the City Court, and dismissed for lack of jurisdiction in such court. Held, that the commencement of suit in the City Court did not suspend the running of the statute, as the saving statute contemplates that the action shall have been pending in a court which possessed jurisdiction of the person of the defendant and the subject-matter.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 536; Dec. Dig. § 120.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David Huyler Gaines against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Archibald R. Watson, of New York City (Terence Farley and Loyal Leale, both of New York City, of counsel), for appellant.

Lannon, Bailey & Brixey, of New York City (John David Lannon, of New York City, of counsel), for respondent.

SEABURY, J. This action is brought to recover damages to the plaintiff's automobile, caused through the alleged negligence of the agents of the defendant. In such cases it is provided by section 261 of the Greater New York Charter (Laws 1901, c. 466), as amended by Laws 1906, c. 550, that no action shall be maintained against the city of New York, "unless such action be commenced within one year after the cause of action therefor shall have accrued." It is conceded that the plaintiff's cause of action accrued on November 28, 1909, and that the present action was not commenced until January 26, 1912. The plaintiff claims that this period of limitation prescribed by section 261 is inapplicable to this case, because on November 23, 1910, this plaintiff commenced an action upon this claim in the City Court of the City of New York. The plaintiff claims support for this contention from section 405 of the Code of Civil Procedure, which provides that:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies, and the cause of action survives, his representatives, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

[1] Before the commencement of the present action, the complaint in the City Court was dismissed, on the ground that that court was without jurisdiction of the action. The facts recited present for determination the question whether the commencement of the action in the City Court was such a compliance with section 261 of the Charter, in view of the provisions of section 405 of the Code of Civil Procedure, as to permit the plaintiff to maintain the present action. The City Court had no jurisdiction of an action against the city of New York. O'Connor v. City of New York, 191 N. Y. 238, 83 N. E. 979.

[2] As the City Court was without jurisdiction of the action, we think that the status of the parties was in no way affected by its commencement in that court. It was just as if no action at all had been commenced, and did not suspend the running of the period of limitation, which commenced to run from the date of the accrual of the plaintiff's cause of action. Where the statute excepts from the period of limitation the time during which the action has been pending in

another court, it contemplates that the action shall have been pending in a court which possessed the legal capacity to acquire jurisdiction of the person of the defendant, and to hear and determine the cause. In other words, if this case is to be brought within the saving statute, the action must have been commenced in a court which was capable of maintaining jurisdiction of the person of the defendant and the subject-matter of the action.

Our attention has not been directed to any case in this jurisdiction which determines the question at issue, and the question seems to have been the subject of divergent views in other jurisdictions. Woods v. Houghton, 1 Gray (Mass.) 580; Coffin v. Cottle, 16 Pick. (Mass.) 383; Sweet v. Light Co., 97 Tenn. 252, 36 S. W. 1090. In Atlanta, K. & N. Ry. Co. v. Wilson, 119 Ga. 781, 47 S. E. 366, Lamar, J., after a careful review of the authorities on the subject, held that, where the plaintiff brings an action in a court having jurisdiction of the subject-matter, and after the bar of the statute has attached the same is dismissed, because the court had no jurisdiction of the person, such an action may, under the Georgia statute, be renewed in another court having jurisdiction of the person and the subject-matter. The opinion in that case, however, recognizes that cases may arise where the first action is so clearly a nullity that its commencement does not serve to arrest the running of the statute. Thus Lamar, J., said:

"Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum."

In Smith v. McNeal, 109 U. S. 426, 3 Sup. Ct. 319, 27 L. Ed. 986, the court held that, where a case was dismissed by reason of the omission in the pleadings of a jurisdictional fact which actually existed, such an action might, under the statute, be recommenced within a year. In that case, however, the court also recognized that such would not be the rule in all cases. Thus, Mr. Justice Woods said:

"Cases might be supposed, perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross negligence and indifference as to cut the party off from the benefit of a saving statute, as if an action of ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace."

The act of the plaintiff in commencing this action in the City Court was without any legal effect whatever, and the action itself was a mere nullity, because that court was incapable of acquiring jurisdiction under any circumstances over the person of the defendant or the subject-matter of the action. If the plaintiff had commenced his action in the Surrogate's Court, can it be supposed that the operation of the statute would, on this account, have been suspended? To so hold would make evasion of the statute easy, and put it within the power of any litigant to extend the statutory period of limitation by first commencing his action in a forum which was without the capacity to acquire jurisdiction. The present action, not having been commenced

within the time prescribed by statute, is barred, and the motion to dismiss the complaint should have been granted.

Judgment reversed, with costs, and complaint dismissed, with costs.

GUY, J., concurs.  BIJUR, J., taking no part.