(156 App. Div. 789.)

### GAINES v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

1. COURTS (§ 188*)—JURISDICTION—NEW YORK CITY COURT.

The City Court of the city of New York has no jurisdiction of an action against the city of New York.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. LIMITATION OF ACTIONS (§ 120*)—SUSPENSION OF RUNNING OF STATUTE—PENDENCY OF LEGAL PROCEEDINGS—JURISDICTION OF COURT.

Greater New York Charter, § 261 (Laws 1901, c. 466), provides that no action for negligence shall be maintained against the city unless commenced within one year after the cause of action accrued, and Code Civ. Proc. § 405, provides that where an action is commenced within the time limited, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated otherwise than by voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits, a new action may be commenced after

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the time limited and within one year after such reversal or termination. *Held*, that the commencement of a suit against the city in the City Court, which was dismissed for want of jurisdiction of the subject-matter, thereof, did not suspend the running of the statute, as the code section contemplates an action in a court competent to hear and decide the action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 536; Dec. Dig. § 120.*]

3. APPEAL AND ERROR (§ 173*)—PRESENTATION OF GROUND OF REVIEW—MOTION TO DISMISS COMPLAINT.

Where the city, in an action against it for negligence, pleaded the one-year statute of limitations, but the record did not show that it moved to dismiss the complaint upon that ground or otherwise raised the question at the trial, but the plaintiff in his complaint anticipated such defense and presented his only answer thereto, and plaintiff could not have met the objection by additional proof, the point is still available to the defendant on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

4. MUNICIPAL CORPORATIONS (§ 733*) — BRIDGES — INJURY FROM DEFECT IN PLAN—LIABILITY.

A municipality's error in judgment as to the plan under which a bridge was constructed, whereby a girder and truss divided the street beneath into two carriageways, would not render it liable for injuries resulting from such construction.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1547–1549, 1561; Dec. Dig. § 733.*]

5. MUNICIPAL CORPORATIONS (§ 797*)—BRIDGES—DUTY TO LIGHT.

A municipality having so constructed a bridge that a girder and truss formed an obstruction in the middle of the carriageway thereunder was required to light it at night to give notice of its existence to those lawfully using the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1656; Dec. Dig. § 797.*]

6. MUNICIPAL CORPORATIONS (§ 819*)—TORTS—ACTION FOR INJURIES FROM DEFECTIVE STREET OR BRIDGE.

Evidence in an action against a city to recover for expense of repairing plaintiff's automobile after collision with a bridge girder resting in the center of the street beneath the bridge and which was not lighted *held* not to show that the city's failure to light it was the proximate cause of the collision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

Ingraham, P. J., dissenting in part.

Appeal from Appellate Term, First Department.

Action by David Huyler Gaines against the City of New York. From a determination of the Appellate Term (78 Misc. Rep. 126, 137 N. Y. Supp. 964) reversing a judgment of the Municipal Court, and dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 154 App. Div. 940, 139 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John David Lannon, of New York City, for appellant.
Terence Farley, of New York City, for respondent.

LAUGHLIN, J.   On the evening of the 28th day of November, 1909, at about 7:30 o'clock, the plaintiff's automobile, which was being driven southerly on Gerard avenue by his chauffeur, collided with a granite block and steel girder of the middle truss of the bridge forming the roadway over the railroad tracks in the vicinity of East 151st street, and this action is brought to recover the expenses of repairing the automobile.

[1, 2] The Appellate Term reversed the judgment on the ground that the statute of limitations was a bar to the action.   Gaines v. City of New York, 78 Misc. Rep. 126, 137 N. Y. Supp. 964.   Section 261 of the Greater New York Charter (Laws 1901, c. 466) provides, among other things, that no action for negligence shall be maintained against the city "unless such action shall be commenced within one year after the cause of action therefor shall have accrued."   This action was not commenced until the 26th day of January, 1912; but the plaintiff relies upon the commencement and pendency of a former action and the section 405 of the Code of Civil Procedure to except his case from the operation of the one-year statute of limitations.   That section is as follows:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

The plaintiff, evidently with a view to anticipating the plea of the statute of limitations, alleged that he commenced an action in the City Court of the city of New York on the 23d day of November, 1910, against the defendant on the same cause of action as that alleged in the complaint herein; that defendant appeared therein, and the cause was placed upon the calendar and moved for trial, whereupon defendant moved to dismiss the complaint on the ground that the court did not have jurisdiction of the cause of action, and the complaint was dismissed on that ground on the 8th day of November, 1911.   Long prior to the commencement of that action, it had been decided by the Court of Appeals that the City Court had no jurisdiction of an action against the city of New York.   O'Connor v. City of New York, 191 N. Y. 238, 83 N. E. 979.   We are of opinion that bringing the action in a court which was without jurisdiction to hear and decide it did not entitle plaintiff to the benefit of the provisions of section 405 of the Code of Civil Procedure.   If it did, then it is within the power of a party to extend the statute of limitations at any time by bringing an action in a court which has no jurisdiction thereof.   The Legislature evidently contemplated by these provisions the pendency of an action in a court competent to hear and decide it, for otherwise there would be no occasion for awaiting the final determination of the pending action.   It is contended that this court in Solomon v. Bennett, 62 App. Div. 56, 70 N. Y. Supp. 856, decided that the provisions of section 405 of the Code of Civil Procedure inure to the benefit of a party who

brings an action in any state court of record, but not when the action is brought in the federal court. The only point decided in that case was that a party bringing an action in a federal court which was without jurisdiction was not entitled to the benefit of the provisions of said section; and what was said with respect to the state courts was merely by way of argument. That decision, I think, necessarily sustains the determination of the Appellate Term on this point, for if the bringing of an action in the federal court, which was without jurisdiction of the cause of action, would not entitle the plaintiff to the benefit of said provisions, I fail to see upon what theory bringing it in a state court, which was without jurisdiction, would entitle the plaintiff to the benefit of such provisions. There is no difference in this regard between the administration of justice in a state court and in a federal court within the state; and there is no basis for attributing to the Legislature an intention to draw such a distinction.

[3] The city by its answer duly pleaded this statute of limitations, but the record does not show that it moved to dismiss the complaint upon that ground or otherwise raised the questions on the trial, and counsel for the defendant insists that, therefore, on the authority of Osgood v. Toole, 60 N. Y. 475, the point was not available to the defendant on the appeal. The theory of the decision in Osgood v. Toole, supra, is that, if the objection had been taken on the trial, it might have been met, and the defendant cites McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576, as an example of a case where the defense of the statute of limitations was met and overcome; but, as already observed, the plaintiff anticipated this defense, and evidently presented its only answer thereto by the allegations of the complaint, and no theory is discernible upon which the plaintiff could have met this objection by additional proof.

[4, 5] There is, however, another ground upon which the determination of the Appellate Term may be sustained. The bridge was 40 feet wide, and was supported by three trusses, each surmounted by a steel girder $2\frac{1}{2}$ feet in width, resting at each end on a granite block extending about 1 foot above the roadbed, and curving upward to a height of about 8 feet midway between the ends of the trusses. One of these trusses was at either side of the bridge and the other was in the middle, dividing the roadbed into two carriageways each about 15 feet wide.

It is not contended that the city was negligent in thus constructing the bridge with the girder and truss in the middle of the carriageway, and doubtless the authorities relieving a municipality for an error in judgment with respect to the plan under which a local improvement is made (see Urquhart v. City of Ogdensburg, 91 N. Y. 67, 43 Am. Rep. 91, note; Owen v. City of New York, 141 App. Div. 217, 221, 126 N. Y. Supp. 38) would exonerate the city from liability for thus constructing the bridge. The theory of the action is that, the city having so constructed the bridge that it formed an obstruction in the middle of the carriageway, it was its duty to light it at night in order to give notice of the existence of the obstruction to those lawfully using the highway. We are of opinion that in the circumstances such duty did

devolve upon the city. · Corcoran v. City of New York, 188 N. Y. 131, 80 N. E. 660.

[6] The evidence does not show, however, that the failure of the defendant to light the bridge was the proximate cause of the accident. Although there was no light on the bridge, or street lamps lighted the immediate vicinity, the plaintiff's chauffeur testified that if it had not been for exhaust steam, which at the time he took to be a fog, from an engine passing under the bridge, the lights of the automobile would have enabled him to see the girder or truss in time to avoid crashing into it. He testified that all the lamps on his car were lighted, and that they consisted of two gas lamps on the front and two kerosene lamps on the sides, and that they would ordinarily light up the road for a distance of about 1,000 feet ahead; that he was going down the avenue at a speed of about 12 miles an hour looking ahead, and at a distance of about 100 feet, which he subsequently changed to 300 feet, he saw what he thought was a fog, and he slowed down to six or eight miles an hour; that he saw no bridge or girder, and that before he knew it he was "on top of the bridge"; that he discovered that what had appeared to him to be a fog was steam or exhaust from an engine going under the bridge, but that he was not familiar with the road and did not know that there were railroad tracks there; that what appeared to him to be fog was not moving but seemed to settle and remain in the same place; that he "couldn't see the road," and that, if he had been going 200 feet more, he probably would have slowed down to about three miles an hour; that the crash came about half a minute after he "got into the area of the fog"; that the fog was so dense that he could not see "five or six feet ahead" of him, and could not see as far as the end of the radiator of his car, and could not see the radiator, which was only about 4 feet from him; that the lights of the automobile showed the fog, but did not show through it; that at the speed he was going when he saw the fog he could have stopped within 10 or 15 feet; that the fog concealed the bridge, and the lights of the automobile did not penetrate it sufficiently to show the bridge, and he did not see any evidence of a bridge or obstruction until he alighted after the collision.

In view of this evidence, it cannot be said that the failure of the city to light the bridge was the proximate cause of the accident, or that, if the bridge had been lighted, the chauffeur would have been able to see the granite block and girder, and to avoid colliding therewith.

It follows that the determination of the Appellate Term should be affirmed, with costs.

McLAUGHLIN and CLARKE, JJ., concur. SCOTT, J., concurs on the ground that the statute of limitations is a bar.

INGRAHAM, P. J. (dissenting in part). I do not concur with Mr. Justice LAUGHLIN that the statute of limitations is a bar to this action. The former action was commenced in the City Court, a court of record, and that action was finally dismissed on the ground that the

City Court had no jurisdiction in an action against the city of New York. This action was commenced within one year after the termination of that action, and I think it is expressly within the provisions of section 405 of the Code of Civil Procedure. There is no exception in that section which excludes from its provisions an action brought in a court having no jurisdiction, but the section provides that "if an action is commenced within the time limited therefor * * * the plaintiff * * * may commence a new action for the same cause, after the expiration of time so limited," and this action was brought within one year after such action was terminated. The plaintiff sought to enforce his cause of action by commencing an action in the City Court. He was mistaken in supposing that that court had power to award him a judgment, but it seems to me that the provision of this section 405 of the Code of Civil Procedure was for the express purpose of providing for such a case, so that a person having made such a mistake should not lose his right to enforce his cause of action by reason of the statute of limitations, but should be given an opportunity to commence an action in the proper court which had jurisdiction to afford him relief.

I concur, however, with Mr. Justice LAUGHLIN on the second ground stated by him—that the failure of the city to light the approach was not the proximate cause of the accident, and therefore concur in the affirmance of the Appellate Term.