THE PARK & POLLARD COMPANY, Respondent, *v.* THE INDUSTRIAL FIRE INSURANCE COMPANY OF AKRON, OHIO, Appellant.

First Department, July 8, 1921.

Insurance — fire insurance — action on policy — failure to perform condition that renewal policy in another company should be surrendered and canceled constitutes defense — counterclaim — equitable counterclaim sufficient — limitation of action — time between commencement of action in Federal court and dismissal for want of jurisdiction not counted — time action restrained by injunction not counted.

The defendant in an action on a fire insurance policy is entitled to set up as a defense to the action that the policy was given to the plaintiff upon condition that a renewal policy in another company which was in part

reinsured by the defendant, would be surrendered and canceled, and that said policy had never been surrendered or canceled.

A counterclaim based upon the same facts as were alleged in the defense with the additional fact that the premium upon the policy had been tendered to the plaintiff, which the plaintiff refused to receive, and which asks the aid of equity to rescind the contract upon the tender of the amount received for premium and upon the facts substantially alleged in the defense, is not subject to demurrer, though the defense contained a denial broad enough to include the denial that the premium was ever paid, since there is some doubt as to the right of the defendant to defend without showing that the tender of the premium has been kept good, whereas the contract may be rescinded under the counterclaim though the tender has not been kept good, if it appears that the defendant is ready, able and willing to pay the money in case the rescission is decreed.

The time between the commencement of an action on the policy in the Federal court and the dismissal thereof for want of jurisdiction is no part of the time limited by the Statute of Limitations, and likewise the fact that this action was not brought within one year after the dismissal by the Federal court is excused by the injunction staying the prosecution of the action.

APPEAL by the defendant, The Industrial Fire Insurance Company of Akron, Ohio, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of April, 1921, sustaining plaintiff's demurrer to the second defense in defendant's answer as insufficient in law, and also the demurrer to the defendant's counterclaim. ·

*Robert Kelly Prentice* of counsel [*Prentice & Townsend,* attorneys], for the appellant.

*Joseph Thurlow Weed* of counsel [*William Otis Badger, Jr.,* attorney], for the respondent.

SMITH, J.:

This action is brought upon a policy of fire insurance. It seems that the plaintiff had a policy of fire insurance in the Stuyvesant Insurance Company for the sum of $11,000. Part of this insurance was reinsured by this defendant. This insurance policy was renewed by the Stuyvesant Fire Insurance Company. Thereafter the agent of the plaintiff came to the defendant and asked for a policy in this defendant company. This defendant informed the agent of the renewal by the Stuyvesant Company and its interest in this renewal as a

reinsurer, and it was thereupon agreed that this policy would be given upon condition that the renewal policy in the Stuyvesant Insurance Company would be surrendered and canceled. It is alleged that that Stuyvesant Insurance Company policy never was surrendered and, therefore, that the condition precedent to the liability of the defendant has never been performed and the defendant is entitled to set this up as a defense to the action, and this I think is true. The order sustaining the plaintiff's demurrer to the second affirmative defense was error and should be reversed.

As to the order overruling the counterclaim a somewhat different question is presented. The counterclaim is based upon the same facts as are alleged in the second defense and the additional fact that the premium upon the policy has been tendered to the plaintiff, which the plaintiff has refused to receive. The counterclaim does not assert in so many words that the contract has been rescinded, but asks the aid of equity to rescind the contract upon the tender of the amount received for premium and upon the facts substantially alleged in the second defense. In the second defense, however, is the denial, which is broad enough to include the denial that the premium was ever paid. This denial did not appear in the counterclaim as asserted. It may be that in order to defend this action on the ground of the tender of the premium paid, the tender would have to be kept good. In an affirmative action to rescind, however, the allegation of a tender, with an allegation of readiness to pay the money in case a rescission is decreed, would seem to be sufficient. If there be any doubt as to the rights of the defendant to assert this as a defense to the action, the defendant is entitled to assert this counterclaim also upon the facts alleged, that the whole issue may be presented to the court. Upon a demurrer to the counterclaim, therefore, the court will not leave the defendant to a defense which may possibly be inadequate. The order, therefore, sustaining the demurrer to the counterclaim should also be reversed and the demurrer overruled. These questions were not raised in the case of *Insurance Co. of Pennsylvania* v. *Park & Pollard Co.* (190 App. Div. 388). That case was decided upon two grounds, first, for the lack of privity between the

plaintiff in that action who was merely a reinsurer, and this plaintiff, who was there the defendant. It was also stated in the opinion that the plaintiff in that action, as well as the defendant in this action, has an adequate remedy at law in defending an action brought for the policy. The facts in relation to the tender as asserted in this counterclaim, however, did not appear in that case, so that the question here presented differs from the question there decided.

There is a further claim in this case and that is that this demurrer searches the pleadings and the complaint does not state facts sufficient to constitute a cause of action, in that the complaint shows upon its face that the Statute of Limitations is a good defense, which statute, as contained in the policy, is asserted in the defendant's answer. In this I do not agree. The action was brought in the United States court by this plaintiff against this defendant upon this policy. This was dismissed for want of jurisdiction. In *Gaines* v. *City of New York* (215 N. Y. 541) it was held by the Court of Appeals, where an action was brought in the City Court which had no jurisdiction, that, nevertheless, the case came within section 405 of the Code of Civil Procedure, and under the reasoning of that case I think that *Solomon* v. *Bennett* (62 App. Div. 56) must be deemed to be overruled. I think, therefore, that such time was properly taken out and that the Statute of Limitations was extended for one year after the action was terminated in the United States court. The action was not brought within one year after by reason of the injunction which was granted which confessedly should be taken out of the time, so that I think the action was brought within the proper time.

The order should be reversed, with ten dollars costs and disbursements, and the demurrers overruled, with ten dollars costs, with leave to plaintiff to reply to counterclaim in twenty days upon payment of such costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrers overruled, with ten dollars costs, with leave to plaintiff to reply to counterclaim on payment of said costs.