Dietrich **MEYERHOFER** and Herbert Federman, etc., Plaintiffs,

v.

EMPIRE FIRE AND MARINE INSURANCE COMPANY et al., Defendants.

Herbert **FEDERMAN** et al., Plaintiffs,

v.

EMPIRE FIRE AND MARINE INSURANCE COMPANY et al., Defendants,

and

Stuart C. Goldberg and Jacob Aschkenasy, Additional Defendants on Cross-Claims.

Nos. 73 Civ. 1940 (LFM), 73 Civ. 4516 (LFM).

United States District Court, S. D. New York.

April 12, 1977.

Aranow, Brodsky, Bohlinger, Benetar &
Einhorn, by Anthony L. Tersigni, George
Berlstein and Susan S. Belkin, New York
City, for defendants Empire Fire and Ma-
rine Ins. Co., Gary O. Gross and Yale J.
Kaplan.

Davis & Davis by Harold Davis, New
York City, for Additional defendant Asch-
kenasy.

D'Amato, Costello & Shea by Robert E.
Meshel, New York City, for defendants Ste-
ven Sitomer, Alvin Sitomer, Robert Porges
and Sitomer, Sitomer & Porges.

Thal & Youtt by Harry E. Youtt, Michel
L. Stone, New York City, for Stuart Gold-
berg as cross and counterclaimant.

## OPINION

MacMAHON, District Judge.

Defendants, Empire Fire and Marine In-
surance Company ("Empire"), Gary O.
Gross and Yale J. Kaplan, officers and di-
rectors of Empire ("the Empire defend-
ants), defendants Steven Sitomer, Alvin Si-
tomer, Robert Porges and Sitomer, Sitomer
& Porges ("the Sitomer defendants"), and
additional defendant Jacob Aschkenasy
move to dismiss the claims against them for
legal insufficiency, pursuant to Rule
12(b)(6), Fed.R.Civ.P. The Sitomer defend-
ants and additional defendant Aschkenasy
also challenge plaintiff Goldberg's pleadings
for lack of clarity and conciseness under
Rule 8(a)(2) and 8(e)(1), Fed.R.Civ.P. Fi-
nally, Aschkenasy moves to strike the
claims against him as impertinent, pursuant
to Rule 12(f), Fed.R.Civ.P.

The initial plaintiffs, Federman and Mey-
erhofer, originally brought this action as a
class action against the Empire and Sitomer
defendants and Goldberg alleging violations
of the securities laws in connection with a
public offering of the shares of the Empire
Fire and Marine Insurance Company. They
alleged, among other things, that the regis-
tration statement was false and misleading
in that it inflated the amount shown as
received from the offering because it
wrongfully failed to disclose that the de-
fendant law firm (Sitomer, Sitomer & Porg-
es), which represented Empire in connection
with the offering, was to receive a $200,000
finder's fee from the proceeds. The class

action plaintiffs, with court approval, subsequently dropped Goldberg as a defendant after he presented them with evidence that he was unaware of the finder's fee arrangement.[1]

The Empire defendants cross-claimed against the Sitomer defendants and against additional defendants Goldberg and Aschkenasy, both of whom worked on the offering, for, in effect, negligence and malpractice in preparing the registration statement. Goldberg, in turn, counterclaimed against Empire and cross-claimed against the Sitomer defendants and Aschkenasy, alleging that they conspired to violate the securities laws by failing to disclose the fee arrangement. He further alleged that the Sitomer defendants and Aschkenasy, as co-conspirators with the Empire defendants, misrepresented to him the nature of the fee arrangement they had with Empire; that it was foreseeable that if the true arrangement became known he would be erroneously implicated in the wrongdoings; and that they thereby knowingly and intentionally exposed him to an unreasonable risk of harm from which he sustained various injuries.

The case was settled except as to the claims asserted by and against Goldberg, and the court approved the settlement in January 1976. We dismissed Goldberg's claims against the defendants in December 1976 for legal insufficiency but with leave to amend. Plaintiff subsequently filed an "amendment to amended answer" to which defendants' motions are now addressed.

■ The claims still present in this case, after settlement, are all state law claims. There is no question that we have the power to adjudicate such claims as they fall within our pendent jurisdiction because those claims and the original federal question securities claims were derived from a common nucleus of operative fact and the federal issues were substantial.[2] However, we must consider, in light of the principles enunciated in *United Mine Workers v. Gibbs*,[3] whether we should decline to exercise such jurisdiction.

■ Pendent jurisdiction is a doctrine of the discretionary power of the court which need not be exercised in every case in which it is found to exist.[4] Judicial economy, convenience and fairness to litigants are the considerations which underpin its existence, and a federal court should hesitate to exercise discretionary jurisdiction over state claims unless those considerations are promoted.[5]

■ The interest of judicial economy and convenience would not be served in this case by the retention of jurisdiction over the state claims because the federal claims have been eliminated from the case. Addressing the problem in *United Mine Workers*, the Supreme Court taught that:

> "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof [or] of the scope of the issues raised . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals."[6]

The Second Circuit has consistently followed this policy[7] and recently ruled that,

1. See *Meyerhofer v. Empire Fire & Marine Ins. Co.*, 497 F.2d 1190, 1193 (2d Cir.), cert. denied, 419 U.S. 998, 95 S.Ct. 314, 42 L.Ed.2d 272 (1974).

2. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

3. *Id.*

4. *Id.* at 726.

5. *Id.*

6. *Id.* at 726–27, 86 S.Ct. at 1139.

7. See *Calderone Enterprises Corp. v. United Artists Theatre Circuit*, 454 F.2d 1292, 1297 (2d Cir. 1971), cert. denied, 406 U.S. 930, 92 S.Ct. 1776, 32 L.Ed.2d 132 (1972); *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1254 (2d Cir. 1970), cert. denied sub nom. United Steelworkers v.

absent special circumstances, it would be an abuse of discretion to retain jurisdiction for trial of a pendent state claim on the basis of a federal question claim already disposed of by a Rule 12(b)(6) motion.[8]

Although the federal question claims in this case were settled rather than dismissed, we see no justification for distinguishing between the two in determining the propriety of retaining jurisdiction, for, in either case, the policies of avoiding needless decision of state law and promoting justice between the parties are equally applicable.

The "unusual circumstances" present in this case all argue against the retention of jurisdiction. Plaintiff asserts four claims upon substantially the same alleged facts. It is apparent that the alleged facts, as he readily admits, do not securely fit into any precedent or any traditional or established torts under New York law. Plaintiff argues, nevertheless, that the alleged facts are legally sufficient to constitute a claim for fraud and breach of warranty. Considering the conceded lack of precedent, recognition of a claim for relief or "cause of action" would constitute an extension of state law, a course this federal court is reluctant to take unnecessarily.

Moreover, plaintiff's major claim is that he has a "cause of action" for a non-conventional tort which he suggests we denote as injurious involvement. The recognition of such a non-conventional tort presents a number of novel and complex problems of state law and questions of state policy that state courts should decide. Even if we were convinced that plaintiff has stated a claim for relief for a non-conventional tort under basic tort principles and what little relevant precedent exists, there would still remain a number of extremely complicated and unprecedented questions, such as the

applicable statute of limitations, the allegations sufficient to state a "cause of action," and the damage components. All of these problems should be resolved by the state court.

We realize that relegating the parties to the state court would result in some delay. Nevertheless, the Supreme Court has held that dismissal of state claims may be merited even after trial,[9] and the only proceedings here respecting Goldberg's claims are two motions to dismiss for insufficiency. Furthermore, we think the issues of state law predominate over any issues of federal law, particularly in light of their novelty and complexity, even though one of the issues at trial is likely to be whether the Empire and Sitomer defendants violated the federal securities laws.[10]

Finally, we are mindful that decision of all the problems inherent in recognition of a right to maintain a "cause of action" on the facts alleged would serve as a precedent in a relatively uncharted area of state law. Principles of federalism and comity, therefore, make this case peculiarly appropriate for resolution by a state court.

One final problem remains. If plaintiff is now relegated to the state court, he may be confronted with a statute of limitations problem, although this is unclear because it is uncertain what statute of limitations applies. Under these circumstances, we think plaintiff should retain the same right to prosecute this action in state court that he would have had if we had permitted the case to proceed here. It would work a harsh injustice upon plaintiff Goldberg if we were to dismiss his claims and it was later determined that he was barred by the statute of limitations because of the time that had elapsed while the case was before us.[11] The same considerations apply to the

---

*Abrams*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Yanity v. Benware*, 376 F.2d 197, 201 (2d Cir.), *cert. denied*, 389 U.S. 874, 88 S.Ct. 167, 19 L.Ed.2d 158 (1967).

**8.** *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir.), *cert. denied*, 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975).

**9.** *United Mine Workers v. Gibbs, supra*, 383 U.S. at 727, 86 S.Ct. 1130, 16 L.Ed.2d 218.

**10.** Cf. *Zwickler v. Koota*, 389 U.S. 241, 244 n. 4, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

**11.** The tolling provisions of Section 203(d) or Section 205(a) or (b) of the Civil Practice Law and Rules may be applicable to the action so that any claim or defense of any of the parties

other defendants with claims against Goldberg.

■ Accordingly, we deny the motions to dismiss without prejudice and retain jurisdiction over the case but suspend all further proceedings herein pending the commencement and final determination of an action or actions in state court encompassing all the state claims, cross-claims and counterclaims of the parties alleged in this action.

So ordered.

will be timely in the state court action if timely asserted in this action. See *Luoma v. Spearin, Prestin & Burrows, Inc.*, 282 A.D. 612, 126 N.Y.S.2d 543, 546–47 (1953), *aff'd*, 307 N.Y. 728, 121 N.E.2d 544 (1954); *Park & Pollard Co. v. Industrial Fire Ins. Co.*, 197 A.D. 671, 189 N.Y.S. 866, 868 (1921). See also CPLR § 203(c); *Seligson v. Chase Manhattan Bank, Nat'l Ass'n*, 50 A.D.2d 206, 376 N.Y.S.2d 899, 904 (1975).