In the Matter of the Claim of FREDERICK H. CHEES-MAN, Respondent, against CLARENCE V. CHEESMAN, Respondent, and ÆTNA LIFE INSURANCE COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's Compensation Law — filing claim — when claim was mailed to commission, but not received thereby within a year thereafter, it was not filed as required by section 28 of the Workmen's Compensation Law — where a life insurance company, as the carrier, was made a party to the hearing upon such claim, it had the right to raise the objection that the claim was not filed as required by the statute — erroneous award against such company.**

1. Where a claim for compensation was mailed to the state industrial commission within a year after claimant's injury, the time fixed by the statute, but was not received, and in fact was not actually filed until

over two and a half years after the accident, this was not such a filing as is required by section 28 of the Workmen's Compensation Law.

2. Where a hearing was thereafter had before the commission to which a life insurance company, as the carrier, was made a party, the company had the right under the statute to raise the objection that the notice was not served in time and to object to any award because of this delay, and this notwithstanding the fact that the employer, the father of the claimant, failed to join in the objection. The insurance company having raised the objection, the award against it cannot be sustained.

3. It is claimed by the respondent that as he was an infant at the time of the accident his rights are saved by reason of section 396 of the Code of Civil Procedure (now Civil Practice Act, § 60). The exception contained in said section is not applicable to this proceeding. Section 28 of the Workmen's Compensation Law is now, and was as it stood at the time this proceeding was had, a statute of limitations. Section 116 of the same law provides that in certain cases, not including the present, no limitation of time provided in the act shall run. *Expressio unius est exclusio alterius.* (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276, followed.)

*Matter of Cheesman*, 203 App. Div. 533, reversed.

(Argued February 28, 1923; decided May 8, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 28, 1922, affirming an award of the State Industrial Board, made under the Workmen's Compensation Law.

*T. Carlyle Jones* for appellant. The insurance carrier in this case, having been made a party to the original application to the board for compensation, has rights which may be there litigated and determined, and it had the right to take the objection to the failure to file a claim within the year. (*Skoczlois* v. *Vinocour*, 221 N. Y. 276; *Matter of State Treasurer* v. *W. S. Trucking Co.*, 233 N. Y. 202.) Mailing of a " claim for compensation " is not equivalent to filing of the claim (when there is no evidence of its receipt by the commission) within the meaning of the Compensation Law. (*Gates*

v. *State of New York*, 128 N. Y. 221; *Diehl* v. *Becker*, 227 N. Y. 318; *Karr* v. *Village of Alfred*, 148 App. Div. 435; *Missano* v. *Mayor of New York*, 160 N. Y. 123; *Sweeney* v. *City of New York*, 225 N. Y. 271; *Twonko* v. *Rome Bros.*, 224 N. Y. 263; *Skoczlois* v. *Vinocour*, 221 N. Y. 276; *Hargraves* v. *Shevlin Mfg. Co.*, 179 App. Div. 477.)

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The bar of the one-year Statute of Limitations was waived. (Cons. Laws, ch. 67, §§ 28, 54, subd. 2.) The claimant, being only nineteen years of age at the time of the accident, presented his claim in time after becoming of age. (*McKnight* v. *City of New York*, 186 N. Y. 35; *Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101.)

ANDREWS, J. The claimant, nineteen years old, was injured on November 15, 1918. A claim for compensation was mailed to the commission within a year but was not received. This was not such a filing as is required by section 28 of the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Sweeney* v. *State*, 225 N. Y. 271.) Nor was the claim actually filed until February 4, 1921. A hearing was thereafter had before the commission. To it the Ætna Life Insurance Company, as the carrier, was made a party. It objected to any award because of this delay. The employer was the claimant's father and not unnaturally failed to join in this objection. An award against both employer and carrier was made which has been affirmed by the Appellate Division. This result may not be sustained.

We are not dealing with the situation where the employer is the sole party to the proceeding. Whether or not in the absence of fraud or collusion in such a case the statute is so worded as to conclude the carrier by the award

we do not decide. (*Harrison* v. *Clark*, 87 N. Y. 572.) As
to the employer the carrier is merely an insurer and its
rights and liabilities under that aspect we do not consider.
As to the employee the Ætna Life Insurance Company
is a surety. (Workmen's Compensation Law, sections
10, 11, 13, 26.) A party to the hearing, the award is
against it as well as against the employer. By this
award the carrier is directly and finally bound.

As a party we should ordinarily assume that it might
be heard and might present any defense that would relieve
it of liability. Clear language must be used before we
could hold that the legislature intended to deprive it of
that right. The statute before us shows no such design.
The carrier may demand the presence of its own physician
at the time of the medical examination of the employee.
(Sec. 19.) Obviously the object is that it may be pre-
pared to protect its interests. Either party may present
evidence and be represented by counsel at the hearing.
(Sec. 20.) " Any party in interest " may appeal. (Sec.
23.) References are made to a contest by the employer
and carrier. (Sec. 25.) In the same section it is provided
that " No case shall be closed without notice to all
parties interested and without giving all such parties an
opportunity to be heard." Section 28, to which we have
referred, reinforces this view. " The right to claim com-
pensation  *  *  *  shall be forever barred unless within
one year after the accident  *  *  *  a claim for com-
pensation thereunder shall be filed  *  *  *  but the
employer and insurance carrier shall be deemed to have
waived the bar of the statute unless the objection of the
failure to file the claim  *  *  *  is raised before the
commission on the hearing.  *  *  * " Not " raised by
the employer " but " raised before the commission."

All this implies the right of the carrier, made a party to
the proceeding, to be heard independently of the employer.

Quite conceivably the rights of the two may be in conflict. Such, as we understand it, has been the practice of the commission in the past and such practice has been approved by us. In *Matter of Skoczlois* v. *Vinocour* (221 N. Y. 276) we held that the commission might determine the validity of an independent defense on the part of the carrier — in that case whether a policy had been canceled — and we entertained an appeal taken by the carrier alone. If, we said, an insurance company may be made a party to the original application it would seem to follow necessarily that all its rights may be litigated and determined precisely the same as those of the employer. It may raise the question as to whether the relation of employer and employee existed. We actually passed upon the question whether the accident there involved arose in the course of and out of the claimant's employment. We did not overlook the provisions that jurisdiction of the employer is jurisdiction of the carrier and that the latter is bound by awards rendered against the former. (Sec. 54.) We thought they strengthened our view.

If the carrier may raise the objection the award against it may not be sustained. It is the general rule that a surety is not liable if the original debt is barred by the Statute of Limitations. In such a case no recovery may be had even where the principal has allowed judgment to be taken against him. The surety may avail itself of the statute in an action brought against it. (*Dawes* v. *Shed,* 15 Mass. 6; *McMullen* v. *Rafferty,* 89 N. Y. 456; Williston on Contracts, 1283.) The same principle is applicable here.

It is also claimed by the respondent that as he was an infant at the time of the accident his rights are saved by reason of section 396 of the Code of Civil Procedure (now Civil Practice Act, sec. 60). We do not think the exception therein made is applicable to this proceeding. Whatever it may have been originally, section

28 is now and was as it stood at the time this proceeding was had a statute of limitations. Section 116 provided that in certain cases not including the present, no limitation of time provided in the act shall run. *Expressio unius est exclusio alterius.* (*Matter of O'Esau* v. *Bliss Co.*, 188 App. Div. 385.)

The order of the Appellate Division and the award of the state industrial board should be reversed and claim against the Ætna Life Insurance Company dismissed, with costs to the appellant against the state industrial board in this court and in the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Ordered accordingly.