In the Matter of the Claim of ORSEN DECKER, Respondent, against POUVAILSMITH CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**2**

(Argued October 1, 1929; decided October 15, 1929.)

*Harry E. Wareham* for appellants. The claimant having failed to file a claim for compensation within one year from the date of accident, any claim which he might have had was barred. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *The Harrisburg*, 119 U. S. 214; *O'Esau* v. *Bliss Company*, 188 App. Div. 385; *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *County of Erie* v. *Lowenstein*, 235 N. Y. 458; *Hopkins* v. *Lincoln Trust Co.*,

233 N. Y. 213; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Matter of Warner*, 39 App. Div. 91; *Matter of Cheesman*, 236 N. Y. 47.) Chapter 709 of the Laws of 1927, purporting to give the claimant additional time within which to file a claim in this case, is unconstitutional and void. (U. S. Const. art. 14, § 1; N. Y. Const. art. 3, § 18; *Fox* v. *Mohawk & H. R. Humane Society*, 165 N. Y. 517; *Slingerland* v. *International Contracting Co.*, 169 N. Y. 60; *Knickerbocker Ice Co.* v. *Schultz*, 116 N. Y. 382; *Smith* v. *Marden*, 80 Ky. 608; *Bearce* v. *Fairview Tp.*, 9 Pa. Co. Ct. Rep. 342; Cooley's Const. Lim. [8th ed.] 806–825; *Holden* v. *James*, 11 Mass. 396; *Dividson* v. *Johonnot*, 7 Met. 388; *Bull* v. *Conroe*, 13 Wis. 233; *Teft* v. *Teft*, 3 Mich. 67; *Simonds* v. *Simonds*, 103 Mass. 572.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for respondent. Chapter 709 of the Laws of 1927, authorizing Orsen Decker to serve a notice of injury and file a claim for compensation under such law within three months after the act takes effect for injuries sustained by him on August 5, 1919, was legal and constitutional inasmuch as there was a moral obligation on the part of the insurance company to respond either in damages or compensation for the injuries sustained by the claimant. (*Farrington* v. *State*, 248 N. Y. 112; *Munro* v. *State*, 223 N. Y. 208; *O'Hara* v. *State*, 112 N. Y. 148; *Sherlock* v. *State*, 235 N. Y. 515; *Williamsburg Savings Bank* v. *State*, 243 N. Y. 231; *Cole* v. *State*, 112 N. Y. 146; *Cayuga County* v. *State*, 153 N. Y. 279; *Babcock* v. *State*, 231 N. Y. 560.)

POUND, J. On August 3, 1919, claimant, then under the age of fifteen years, was injured during the course of his employment by the Pouvailsmith Corporation. Notice of injury was promptly given in his behalf. It was the formal notice of injury which could not by any possibility be construed as a claim for compensation under our decision in *Kaplan* v. *Kaplan Knitting Mills*,

*Inc.* (248 N. Y. 10). No claim for compensation was filed within a year after the accident and the right to claim compensation is barred unless some exception is found in the law which takes the case out of the general provisions of Workmen's Compensation Law (Cons. Laws, ch. 67), section 28.

A guardian *ad litem* was appointed who brought an action for the infant against the employer to recover damages under the provisions of section 93, now section 146, of the Labor Law (Cons. Laws, ch. 31), which it was claimed gave a right of action for breach of statutory duty in employing a child under sixteen years of age. Judgment recovered in the action was reversed on the authority of *Noreen* v. *Vogel & Bros., Inc.* (231 N. Y. 317), which held that the Workmen's Compensation Law provided an exclusive remedy. Within a year after the reversal, but nearly five years after the injury, the father of the infant presented a formal claim for compensation in behalf of claimant. No general guardian of the infant has ever been appointed. No question arises as to the sufficiency of the claim. The only question is whether the claim is barred by the Statute of Limitations.

At the time of the accident, section 116 of the Workmen's Compensation Law provided: " No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor *dependent* so long as he has no committee, guardian or next friend."

As the law then read, it was held by this court in *Matter of Cheesman* (236 N. Y. 47) (a) that the rights of an injured infant were not saved by the provisions for a minor dependent, and (b) that Code of Civil Procedure, section 396, now Civil Practice Act, section 60, did not save the infant's rights for the reason that section 28 of the Workmen's Compensation Law was the controlling Statute of Limitations. It was also held in *Matter of Grillo* v. *Sherman-Stalter Co.* (195 App. Div. 362; affd., without opinion, 231 N. Y. 621), a death case, that

the juxtaposition of the words " guardian or next friend " in the section as it then read compelled the conclusion that the parent of the child as guardian of the person (Domestic Relations Law [Cons. Laws, ch. 14], § 81) was a proper person to file the claim for compensation and that the bar of the statute prevailed when such parent had neglected to act in behalf of the infant. The decision must have been the same whether the guardian was a natural guardian or one appointed by the court since each was in default.

In *Chase* v. *Ulster & Delaware R. R. Co.* (215 App. Div. 581) it was held that the marriage of an infant woman terminated the natural guardianship of the mother and that section 116 prevented the statute from running as against her.

Under the language of section 116 as it read at the time of the accident, the default of the claimant was not excused. Section 116 was renumbered section 115 and materially amended, after the Statute of Limitations had run against claimant, by Laws of 1922, chapter 615, to read as follows: " No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian." The purpose of the Legislature seems clear. All minors, whether dependents or otherwise, were brought within the protection of the statute. " Guardian," as here used, may reasonably be construed as meaning a guardian appointed by the court and charged with the duty of protecting the property interests of his ward. Such is the meaning of the word as used in Workmen's Compensation Law, section 16, subdivision 2, providing that the board may in its discretion require the appointment of a guardian for the purpose of receiving the compensation of a minor child.

Such a statute might be made retroactive without impairing any constitutional rights of the employee. When no property rights have become vested by lapse of time, the Legislature may remove the statutory bar

when it confers " an immunity which is contrary to all prevailing ideas of justice." (*Robinson* v. *Robins D. D. & R. Co.*, 238 N. Y. 271, 279.) It was not until our decision in the *Noreen Case* (*supra*) in 1921 that claimant learned that he had mistaken his remedy. The Legislature might properly grant relief in such cases. The rights of minors under the Workmen's Compensation Law might well be the object of legislative solicitude. But the Legislature must make clear its purpose to make the statute retroactive and applicable to the case at bar. (*Robinson* v. *Robins D. D. & R. Co., supra.*) It has failed to indicate that the amended section should apply to cases where the statute has already run. To say that such was its purpose is to indulge in speculation. The court may not give a retroactive effect to a statute to revive claims already barred under the old section unless the legislative purpose is defined by express language or by necessary inference.

Other provisions of law are relied on by claimant. Civil Practice Act, section 23 (Code of Civil Procedure, § 405, unchanged), provides: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

A special proceeding is regarded as an action under the statute. (Civ. Prac. Act, § 10.) But the proceeding under the Workmen's Compensation Law is not a special proceeding under the Civil Practice Act but a statutory proceeding having its own rules as to the running of the statute. (*Matter of Cheesman, supra.*)

Chapter 709, Laws of 1927, is a special or private act for the relief of claimant, intended to revive his claim. It denies to the employer the equal protection of the laws by singling out one of a class for special burdens and obligations. One person should not be subjected to liability from which all others in like circumstances are exempted.

The order appealed from should be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the State Industrial Board.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.