In the Matter of the Application of THE UNITED STATES OF AMERICA for Leave to Sue the CENTURY INDEMNITY COMPANY under Section 20 of the Public Officers Law of the State of New York.

Supreme Court, Special Term, New York County, August 30, 1938.

*Lamar Hardy, United States Attorney* [*Richard Delafield, Assistant United States Attorney*, of counsel], for the petitioner.

*Kissam, Murray & Hayden* [*J. Francis Hayden* of counsel], for the respondent, the Century Indemnity Company.

SCHMUCK, J.   The Federal government by this application seeks to sue the Century Indemnity Company under section 20 of the Public Officers Law of the State of New York.   Instead of applying *ex parte* as he might have under section 21 of said statute and thus compelling the bonding company to move to vacate, the United States Attorney, desirous of having the right to sue determined on a single application, hereby gives notice to the bonding company in order that its objections could be heard in the first instance.

The circumstances inducing this application reveal the following facts: In 1931 Arthur Flegenheimer was arrested, and when in accordance with police procedure he was searched there was found upon his person the sum of $18,643, of which $18,600 was taken from his possession and delivered to the property clerk of the police department.   A few days after the arrest the Commissioner of Internal Revenue of the United States Treasury assessed an income tax liability against Flegenheimer in the sum of $79,263.72, and the Collector of Internal Revenue for the Third District of New York filed a notice of tax lien with the property clerk of the police department.   Some weeks later a demand with notice of warrant of distraint was served on the then police commissioner.

Despite this industry and activity on the part of the officials of the Federal government it was unable to gain possession of the fund, for later in the year 1932 the money was paid to one Lawrence Carney.   Before this payment was made Thomas O'Connell, for whom the Century Indemnity Company stood surety, had been appointed property clerk of the police department.   On this bond the United States of America now desires to sue, contending that the failure to pay the money to it was a delinquency or misconduct on O'Connell's part, occasioning loss and injury to it. Inasmuch as section 20 of the Public Officers Law requires, under the conditions here presented, that permission to sue be granted by the Supreme Court, this motion is made.

Against granting such permission the Century Indemnity Company strongly protests, urging that the bond in question is not an official bond; that the petitioner is not within the contemplation of the statute; that the facts fail to show any default or misconduct

on O'Connell's part within the meaning of sections 20 and 22, subdivision 2, of said Public Officers Law; that compliance with section 22, subdivision 3, of said statute is not shown, and lastly that the claim of the National government is barred by the Statute of Limitations. With all of these objections the court does not agree and will only discuss those to which it accords favor.

The application must be refused because O'Connell, the principal, has not been shown to have been guilty of any default or impropriety, because it has not been established that a demand was made of him or his executrix, he having died; in short, no compliance with section 22, subdivision 3, of the Public Officers Law is discernible from the record. Finally, the application must be denied because it appears to be barred by the Statute of Limitations.

From the conceded narration of events it appears that O'Connell did not pay over the money to Carney, but that such payment was made by another employee of the police department who occupied the position entitled " designated acting property clerk." It is also undisputed that O'Connell did not receive the money, but that it was received by his predecessor. Equally true is it that whatever notice was given of the claim of the applicant it was never given to O'Connell and no perfection of lien as required by the statutes of the United States was ever had against him. As regards the responsibility of the surety these facts are of the utmost importance, for if personal liability of the principal does not exist, no responsibility attaches to his surety. That no personal responsibility can be charged against O'Connell is instantly evident from a study of the provisions of the Revenue Act of 1926, section 1114 (U. S. Code, tit. 26, § 1047), wherein personal liability is defined. In this connection it is not amiss to note that O'Connell had no supervising control over the clerk who paid out the fund. He did not appoint him, he could not remove him and he had no control over him. Likewise it is advisable to call attention to the question of the legality of the possession of the money by the property clerk. If his possession was illegal his surety cannot be held, for the undoubted principle of law is that a surety on an official bond is not liable for money illegally paid to the principal (*People* v. *Pennock*, 60 N. Y. 421; *People ex rel. Comstock* v. *Lucas*, 93 id. 585.) From a perusal of the Greater New York Charter, sections 331 to 336, inclusive, it is clear that in this instance the possession and retention of the money by the property clerk was illegal.

Finally, it would seem that the claim, if any, of the petitioner is barred by the Statute of Limitations. If any claim existed against O'Connell it found its origin from the day of his appoint-

ment, namely, February 1, 1932, for at that time notice of claim had already been filed with his predecessor. Both by Federal statute and the Statute of Limitations prevailing in this State the six-year period applies. Simple mathematics indicates that if directed against O'Connell it would be held that the Statute of Limitation had run. If the principal is thus freed, the surety may also avail himself of this means of escape. (*Matter of Cheesman* v. *Cheesman*, 236 N. Y. 47.)

For the reasons herein assigned the motion is denied.