In the Matter of the Claim of JOHN LUOMA, Respondent, against SPEARIN, PRESTON & BURROWS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 18, 1953.

*John Nielsen* and *John P. Smith* for appellants.

*Nathaniel L. Goldstein, Attorney-General (John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. This is an appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board, and the issue posed is whether the claim was barred by the limitations within the Workmen's Compensation Law, contained in sections 25-a and 123.

Claimant was injured on March 8, 1944, while working on a pile driver at Great Kills, Staten Island. He filed a claim for compensation with the Workmen's Compensation Board of this State on June 8, 1944. The employer conceded the happening of the accident and notice thereof, also causal relationship and disability. Hearings on the claim were held and the appellants took the position that the Compensation Board of this State lacked jurisdiction to adjudicate the claim because the accident happened in navigable waters. At a hearing held on August 4, 1944, the claim was disallowed, with the consent of counsel for claimant, on the ground that the Industrial Board of this State lacked jurisdiction. In the meantime and on March 27, 1944, the employer commenced paying compensation under the Longshoremen's & Harbor Workers' Act (U. S. Code, tit. 33, § 901 *et seq.*), and filed a notice to that effect with the U. S. Employees Compensation Commission. These payments continued until May, 1945, when claimant com-

menced an action against the employer in the Supreme Court of New York County to recover damages under the Jones Act (U. S. Code, tit. 46, § 688), alleging that at the time of the accident he was a seaman. At the institution of this action the employer ceased to pay compensation under the Longshoremen's Act. During the course of this litigation and on April 18, 1945, the employer filed a petition for a limitation of liability in the U. S. District Court, Southern District of New York. The district court thereupon issued an order restraining the institution or prosecution of all actions or legal proceedings of any nature or description, and directed that all claims arising out of the accident be presented in the limitation of liability proceedings. After the trial of this case the district court issued a final decree, dated June 28, 1949, which held in substance that claimant was not a seaman and discharged the employer from any liability under the Jones Act. The decree also restrained the employer except a claim under the Longshoremen's Act the claimant from instituting any suit for damages against or the New York State Workmen's Compensation Act. Upon appeal this decree was affirmed by the U. S. Court of Appeals, Second Circuit.

On October 9, 1951, claimant filed an application to reopen his claim under the New York Workmen's Compensation Law. This, of course, was more than seven years after the date of the accident. Nevertheless the claim was reopened by the board and the case restored to the calendar. Subsequently a referee disallowed the claim on the ground that it was outlawed by the reason of the provisions of section 123 of the Workmen's Compensation Law. The board overruled the referee's decision and held that the limitations prescribed by sections 25-a and 123 of the Workmen's Compensation Law were tolled under the provisions of section 24 of the Civil Practice Act during the period in which the stay issued by the Federal court was in effect. Accordingly the claim was continued on the referee's calendar for further determination. From the decision of the board the employer and its insurance carrier have appealed to this court.

Section 24 of the Civil Practice Act provides: " Where the commencement of an action has been stayed by injunction or other order of a court or judge or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action ". We find ourselves unable to agree that this section applies to compensation claims. A proceeding under the Workmen's Compensation Law

is not an action or a special proceeding under the Civil Practice Act but a statutory proceeding having its own rules as to limitations (*Matter of Decker* v. *Pouvailsmith Corp.*, 252 N. Y. 1, 6). Our judgment in this matter is somewhat fortified by the legislative history of another section having to do with the effect of a reversal of a judgment or termination of an action. This is section 23 of the Civil Practice Act, which provides that a new action may be commenced under certain circumstances. After the decision by the Court of Appeals in the *Pouvailsmith* case, which held squarely that this section did not apply to Workmen's Compensation claims, the Legislature amended the section to make it applicable to such claims (L. 1930, ch. 327). Hence we think it reasonably clear that the provisions of the Civil Practice Act do not apply to proceedings under the Workmen's Compensation Law unless there is direct statutory authority therefor (*Matter of Cheesman* v. *Cheesman* 236 N. Y. 47). The Legislature has not seen fit to make section 24 of the Civil Practice Act applicable to the Workmen's Compensation Law.

However, the case is different with regard to section 23 of the Civil Practice Act, and we find no valid reason why claimant should not be entitled to the benefit of this section. It provides: "If an action is commenced within the time limit therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or determination. This section also applies to the workmen's compensation law."

It has been held that under this section an action may be brought in a State court within one year after the dismissal of a complaint for lack of jurisdiction in a Federal court, and by a considerable weight of authority a dismissal on jurisdictional grounds does not bar a plaintiff from bringing another action (*Gustafson* v. *A-B Svenska Amerika Linien*, 258 App. Div. 734; *Park & Pollard Co.* v. *Industrial Fire Ins. Co.*, 197 App. Div. 671; *Gaines* v. *City of New York*, 215 N. Y. 533; *Mack* v. *United States*, 29 F. Supp. 65; *Johnson* v. *United States*, 68 F. 2d 588). It is obvious from the language of the section that a claim for compensation is to be regarded as an action. In the present case it is a fair inference that claimant's action in the

Federal court was dismissed upon jurisdictional grounds because it was found he was not a seaman. Within two months after the decree of the district court was affirmed by the U. S. Court of Appeals, Second Circuit, claimant applied to the Workmen's Compensation Board for reopening of his compensation claim. This was equivalent to the commencement of another action against the same party as contemplated by section 23 of the Civil Practice Act. We think, therefore, that the board had power to entertain the claim and that the limitations under the Workmen's Compensation Law were not applicable under the circumstances.

Aside from the foregoing there remains a fundamental query whether the limitations set up by the Workmen's Compensation Law were waived by conduct on the part of the employer. A hint that such a waiver may be effectual was given in *Matter of Bellini* v. *Great Amer. Ind. Co.* (299 N. Y. 399), which held that the Special Fund was not entitled to the benefit of section 308 of the Military Law. The opinion there had this to say (p. 404): " the prejudice resulting to claimant cannot serve to create a liability against the carrier in whose favor the Statute of Limitations has run and *which it has not waived or forfeited by subsequent conduct.*" (Emphasis supplied.) We do not have to determine conclusively whether the Special Fund will be relieved under section 123 of the Workmen's Compensation Law if the employer and carrier are relieved under section 25-a. Suffice it to say that there is a distinct possibility that such may be the case, and hence prejudice to claimant may well result unless it may be found that the limitations of the Workmen's Compensation Law have been waived or forfeited by the employer.

We think there is a just basis for so holding. The terms of the restraining order in the district court were couched in the broadest terms, far beyond normal requirements. It may well be that the district court had no power to restrain the institution of a proceeding before the Workmen's Compensation Board, and that the order was never intended to have that purpose. Nevertheless apparently everyone concerned tacitly accepted the view that the order had such a restraining effect. The employer, in .all fairness and justice, should not be permitted to reap a reward from such mistaken construction when it initiated the order and proposed its all embracive terms. This is especially so when the original disallowance of the claim by the compensation referee was induced largely by the employer's and carrier's representation that the Workmen's

Compensation Board lacked jurisdiction. On this facet of the case, irrespective of section 23 of the Civil Practice Act, we think there was a waiver of limitations by the employer, and the board's determination was correct even though placed on an erroneous ground.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board. [See 283 App. Div. 749.]