In the Matter of YONKERS CONTRACTING Co., INC., Appellant, against BERTRAM D. TALLAMY et al., Constituting the New York State Thruway Authority, Respondents.— Appeal from an order of the Supreme Court, Albany County Special Term, which dismissed appellant's application for an order in the nature of mandamus under article 78 of the Civil Practice Act. The purpose of the order sought was to compel respondents, who constitute the New York State Thruway Authority, to open, read and act upon a certain bid submitted by appellant on November 5, 1953, for the construction of a portion of the Thruway highway in Westchester County. Bids were originally invited to be submitted on October 1, 1953, but upon written notice to all prospective bidders this date was postponed to November 5, 1953. The original proposals for construction contained certain restrictions as to blasting operations. On or about November 3, 1953, the authority determined that such restrictions should be liberalized, and to carry out that determination added a qualifying addendum to the original proposals. In connection with and as a direct result of this change the bidding was again postponed from November 5 to November 12, 1953, and the notice of adjournment stated that the postponement had been made in order to allow prospective bidders sufficient time to evaluate the effect on bidding of the addendum. Appellant contends that respondents violated the statutory provisions of section 15 of the Public Works Law in failing to publicly open and read its bid on November 5, 1953. In connection with this contention appellant asserted in its petition that the time for submission and filing of bids expired on November 5, 1953, at 10:30 A.M. This allegation was denied by respondents who asserted to the contrary that prior to the time fixed for the opening and reading of bids on November 5, 1953, respondents had announced the adjournment of the bidding date to the 12th of November, 1953. The Special Term held with respondents on this issue, and further determined that the authority acted within its discretionary power in the matter and in the best interests of the State. We find no valid reason for disturbing this decision. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of the Claim of JOHN LUOMA, Respondent, against SPEARIN, PRESTON AND BURROWS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals granted, without costs. This court certifies the following questions of law. 1. Is the claim for the compensation barred by section 123 of the Workmen's Compensation Law? 2. Is the claim against appellants barred by section 25-a of the Workmen's Compensation Law? Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 282 App. Div. 612.]

■

In the Matter of JAMES W. WEST, Appellant, against ALFRED J. BOHLINGER, as Superintendent of Insurance, Respondent.— Motion for leave to appeal to the Courts of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 282 App. Div. 986.]