WILLARD HOTALING, Respondent, *v.* GENERAL ELECTRIC COMPANY, Appellant.

Third Department, May 16, 1962.

*Bliss & Bouck* (*Francis J. Holloway* of counsel), for appellant.

*Robert H. Ecker* for respondent.

HERLIHY, J. This is an appeal from an order of Special Term which denied summary judgment to the defendant and determined that section 23 of the Civil Practice Act extended the Statute of Limitations of a common-law action for one year beyond the dismissal of a claim for workmen's compensation benefits.

The plaintiff was employed by the General Electric Company from October 30, 1946 to March 12, 1951 in an iron foundry. On the latter date he became totally disabled by reason of a work-caused aggravation of a respiratory condition. He filed his claim for compensation and while it was pending, the Court of Appeals decided that for a disease to be occupational in nature there " must be a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort." (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558, 560.)

Thereafter, the Workmen's Compensation Board dismissed the claim of the plaintiff herein, holding that the respiratory condition was not compensable since it was not occupational in nature. Within the one-year time limitation prescribed in section 23 of the Civil Practice Act, the present action was started to recover damages, the same as those alleged in the compensation claim, on two grounds: 1. Violation of the Labor Law and 2. Common-law negligence.

The defendant in its answer set forth the Statute of Limitations as a defense and then moved for summary judgment.

The present action was commenced more than nine years after its accrual. The Statute of Limitations as to a Labor Law violation is six years; as to common-law negligence, three years (Civ. Prac. Act, §§ 48, 49).

Section 23 of the Civil Practice Act, entitled " Effect of reversal of judgment or termination of action ", provides: " If an action is commenced within the time limited therefor [and plaintiff is thereafter out of court for specified reasons] * * * the plaintiff * * * may commence a new action

for the same cause after the expiration of the time so limited * * *. This section also applies to the workmen's compensation law."

It is generally conceded that if a party commenced a common-law action which was thereafter terminated, neither through a voluntary act of the party nor upon the merits; that within one year subsequent a claim might be filed under the compensation law. (*Matter of Decker* v. *Pouvailsmith Corp.*, 252 N. Y. 1; *Matter of Luoma* v. *Spearin, Preston & Burrows*, 282 App. Div. 612, affd. 307 N. Y. 728.)

The question on this appeal is whether a common-law action is barred after an unsuccessful compensation proceeding has terminated through no fault of the claimant.

There seems to be no serious difference of opinion between the parties as to the reason for the Legislature adding the last sentence of section 23—" This section also applies to the workmen's compensation law ". In 1929, the Court of Appeals in the *Decker* case (*supra*) decided that a workmen's compensation claim filed within one year after the termination of a Supreme Court action was not extended in time by virtue of section 23 because it was a statutory proceeding and thus, not an action within the meaning of the section. In 1930, the Legislature added the last sentence of section 23 in order to protect the compensation claim of the employee. This is substantiated by reference to the legislative memoranda which indicates the purpose of the sentence and includes a statement of the legislator introducing it, who said in part:

" This bill proposes to extend the provisions of Section 23 of the Civil Practice Act to such compensation cases and to give the employee or his dependents the period of one year within which to file a claim for compensation after the judgment in the action has been finally determined.

" This proposed amendment seems to be in the interest of substantial justice, as the claimants entitled to a remedy under the workmen's compensation law are certainly entitled to the same protection as a plaintiff in an ordinary action."

Prior to this amendment, section 23 provided certain conditions which controlled the right to subsequently commence a new action for the same cause, when there had previously been an unsuccessful action during the litigation of which the ordinary Statute of Limitations had expired.

It should be noted that the amendment is found in the Civil Practice Act rather than the Workmen's Compensation Law.

This court in *Matter of Luoma* v. *Spearin, Preston & Burrows* (282 App. Div. 612, 615, affd. 307 N. Y. 728), said: " It is obvious

from the language of the section [§ 23] that a claim for compensation is to be regarded as an action.''

While the question presented is novel, section 23 is not vague or indefinite, but clearly states: '' This section also applies to the workmen's compensation law.'' The policy of the Legislature as evidenced by section 23 as it now reads was to extend the availability of remedies to those who have by mistake proceeded either by way of a claim for compensation or by way of a common-law action.

Although it appears from the memoranda relating to the amendment to section 23 that the Legislature may not have been specifically concerned with the situation presented by this case, to wit, where a litigant first proceeds by way of a compensation claim, we are unable to disturb the clear language of the amendment by mere speculation and surmise as to the Legislature's actual intent since the basic concept underlying the amendment was the preservation of an avenue to relief for the working men who had proceeded erroneously.

Statutes of limitations are construed, where possible, so as to give the parties their day in court and should not be defeated by overstrict construction such as the appellants would have us adopt in the present action.

Our decision, limited to the applicability of the Statute of Limitations, is not to be construed as determinative of the merits of the pending action.

The order should be affirmed.

Coon, J. P., Gibson, Reynolds and Taylor, JJ., concur.

Order affirmed, with $10 costs.