Foster, J.
 

 This is an appeal from an order of the Appellate Division, Third Department, unanimously affirming an order of the Special Term which determined that section 23 of the Civil Practice Act applies to this action. The Appellate Division certified the following questions to this court:
 

 “ 1. Does Civil Practice Act, Section 23, apply to the instant action?
 

 “2.
 
 Is the instant action barred by the applicable statutes of limitations? ”
 

 The facts are undisputed. Plaintiff was employed in an iron foundry, by General Electric Company, from October 30, 1946 to March 12, 1951, in various capacities — laborer, molder’s helper and cupola charger. In March, 1951 he became disabled and forced to leave his employment because of aggravation of a respiratory condition. Awards were made but never paid because during the pendency of the claim
 
 Matter of Detenbeck
 
 v.
 
 General Motors Corp.
 
 (309 N. Y. 558) was decided, which declared that a disability arising from the aggravation of a disease, not occupational in nature, was not compensable under the Workmen’s Compensation Law. An attempt was then made to prove .that claimant’s respiratory condition was occupational in nature, but this failed and, on January 21, 1960, the Workmen’s Compensation Board dismissed the claim on the ground assigned in the
 
 Detenbeclc
 
 case,0 i.e., that plaintiff’s disability arose out of the aggravation of a nonoccupational disease and was not compensable.
 

 
 *313
 
 Plaintiff’s present action is based upon alleged violations of the Labor Law and common-law negligence. It was instituted within one year from the date of the dismissal of his claim by the Workmen’s Compensation Board, but to process that claim took nearly nine years and, unless the present action is saved by section 23 of the Civil Practice Act, it is obviously outlawed.
 

 Section 23 of the Civil Practice Act formerly read as follows:
 
 “
 
 If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination.”
 

 It was held that the section as thus worded did not apply to claims under the Workmen’s Compensation Law
 
 (Matter of Decker
 
 v.
 
 Pouvailsmith Corp.,
 
 252 N. Y. 1). After this decision, the Legislature amended the section by adding this sentence:
 
 “
 
 This section also applies to the workmen’s compensation law.” (L. 1930, ch. 327.)
 

 The appellant argues that this amendment was designed only to extend the time for the commencement of a compensation proceeding after the termination of a prior action at law, as set forth in the main body of the section. This view is said to be supported by the material appearing in the bill jacket (Assembly Bill No. 1757, Int. 682 [1930]), which includes the following statement of the Assemblyman who introduced the amendment:
 
 “
 
 This bill proposes to extend the provisions of Section 23 of the Civil Practice Act to such compensation cases and to give the employee or his dependents the period of one year within which to file a claim for compensation after the judgment in the action has been finally determined.” There are also letters in the bill jacket from railroad unions, the New York County Lawyers Association and the New York State Federation of Labor to the Governor which support the view that the amendment was designed primarily to protect an employee who had been beaten in a suit under the Federal Employers’ Liability Act by giving him a year thereafter to file
 
 *314
 
 a claim for compensation under the Workmen’s Compensation Law.
 

 While this may be accepted as the primary purpose of the amendment, it does not necessarily follow that such is to be construed as the only purpose of the amendment, and thus exclude the converse. A litigant who has mistakenly sought relief by way of compensation, when he should have proceeded by way of action, is just as much in need of relief under the section as if the reverse procedure had been adopted. The Legislature never intended that he had to select a forum at his peril, especially in a case where there may be doubt as to the proper forum.
 

 This apparently is a new question. The reverse of it was dealt with in the case of
 
 Matter of Luoma
 
 v.
 
 Spearin, Preston & Burrows
 
 (282 App. Div. 612, affd. 307 N. Y. 728), but it was there said “ It is obvious from the language of the section that a claim for compensation is to be regarded as an action.” (282 App. Div. 612, 615.) While this may not be controlling, it gives some support to the views herein expressed.
 

 The order appealed from should be affirmed, with costs. The first question certified is answered in the affirmative; the second question certified is answered in the negative.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Vooehis, Burke and Scileppi concur.
 

 Order affirmed, etc.