Howard T. Hogan, J.
This court on May 25, 1967, entered judgments reducing the assessed valuation of petitioners’ real property for the years 1965 to 1967 inclusive. The judgment directed the county to refund the excess taxes paid with interest upon proof of such original payment by petitioners and further directed the comptroller to .audit the excess amount of taxes paid for the years involved.
The respondent county has not refunded the excess taxes and now refuses to do so.
These six separate motions seek an order directing that the refunds for each of the years be made together with interest.
*805 Petitioners assert that by virtue of the order, the county was obliged to pay the refunds as directed. Further, that petitioners had no reason to doubt but that the respondent would not eventually make payment to them as therein directed, and in reliance thereon they waited until now for payment.
Respondent contends that payment of the refunds is now barred by the three-year Statute of Limitations as provided in subdivision 3 of section 726 of the Real Property Tax Law. The relevant portions of this statute provide: “ Application for the audit and payment # * must be made to the proper fiscal officer or body by the petitioner * * * within three years after the entry of such order”. (Italics supplied.)
The statute is clear and unequivocal. The petitioners were mandated to make application for the refunds on taxes previously paid. Service of the judgment is not tantamount to an application for audit and payment of the refund. Under the last decretal paragraph of the judgment the respondent’s officer could make payment of the refunds only upon proof that the taxes had been paid. The record before this court is absent any reasons to excuse the delay of more than three years. Moreover, equitable powers of the courts are limited when called upon to disregard statutory restrictions. (Seif v. Long Beach, 286 N. Y. 382.)
Failure on the part of the petitioners to prove such payment and make the application within the statutory period constitutes an effective bar to such refunds at this late date.
Accordingly, the motions are denied in all respects.