OPINION OF THE COURT
John W. Grow, J.
Defendant has moved to dismiss the complaint on the ground that plaintiff has failed to commence this action within the Statute of Limitations. Plaintiff has cross-moved to strike the Statute of Limitations’ affirmative defense.
Plaintiff’s cause of action arose on June 26,1983. If no tolling provision were applicable, plaintiff would have had until September 24, 1984 to commence suit.
However, plaintiff argues (and defendant apparently concedes) that the Statute of Limitations was tolled from the time that plaintiff made an application for leave to serve a late notice of claim (Nov. 8, 1983) until the date that an order granting permission to serve a late notice of claim was effective. The dispute centers around when an order granting leave to serve a late notice of claim is deemed “effective”.
In Giblin v Nassau County Med. Center (61 NY2d 67, 72) the Court of Appeals reaffirmed its earlier holding in Barchet v New York City Tr. Auth. (20 NY2d 1) that “the Statute of Limitations was tolled from the time the plaintiff commenced the proceeding to obtain leave to file a late notice of claim until the order granting that relief went into effect.” The rationale of Barchet and Giblin was that a plaintiff should be given the benefit of tolling during that period when the right to commence the *751 action was not solely within his control but rather was dependent upon obtaining leave of court.
In the instant case, plaintiff received Justice Lynch’s order granting leave to file a late notice of claim on January 11,1984. The order was entered with the Oswego County Clerk on January 31,1984. This action was commenced on December 8, 1984.
Plaintiff contends that he is entitled to 84 days of tolling (Sept. 24, 1984 to Dec. 17, 1984) because Justice Lynch’s order did not go into effect until it was entered on January 31, 1984, 84 days after plaintiff’s application (Nov. 8, 1983). Plaintiff claims that since he had until December 17,1984 to initiate suit, service of the summons and complaint on December 8 1984 was timely.
Defendant maintains that plaintiff is only entitled to 69 days of tolling — from November 8, 1983 to January 11, 1984, the date plaintiff received Justice Lynch’s order, plus five days for mailing the order for filing. Defendant reasons that since plaintiff could have promptly entered the order and commenced the action, he should not be given the benefit of tolling during the period from January 11, 1984 to January 31, 1984 when he simply delayed filing the order. Defendant argues that under the Giblin-Barchet rationale tolling should only occur during that period when plaintiff’s right to commence the action was dependent upon obtaining leave of court. In defendant’s view that period ended when plaintiff received Justice Lynch’s order on January 11, 1984, since on that date commencement of the action was solely within plaintiff’s control. Defendant claims that if plaintiff’s position prevails, one could extend the Statute of Limitations indefinitely by simply holding the order without filing it.
Although defendant’s argument is appealing, a Statute of Limitations should be construed, where possible, so as to give the parties their day in court. (Hotaling v General Elec. Co., 16 AD2d 339, affd 12 NY2d 310.) The court therefore holds that the Statute of Limitations was tolled until the entry of the order on January 31, 1984, and that service of the summons and complaint on December 8, 1984 was timely.
A different result may very well obtain where a plaintiff’s delay in filing an order is egregious. However, the delay of 20 days in the instant case is not so unreasonable that we would deny plaintiff his day in court.*
*752 Defendant’s motion is denied and plaintiff’s cross motion to strike the affirmative defense of Statute of Limitations is granted.

 Indeed, we have no evidence before us that defendant objected to the delay or moved to preclude entry of the order based upon unreasonable delay.